UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Curtis Rice,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>T.A. Blackburn Law, PLLC,<br><br>　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT**

Plaintiff John Curtis Rice ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant T.A. Blackburn Law, PLLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. John Curtis Rice *("Rice")* created a photograph of Hebrew Home in Riverdale in Bronx County, New York (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on www.facebook.com known as "@T.A. Blackburn Law, PLLC" ( "*Account 1*").

4. Defendant owns and operates a social media account on www.instagram.com known as "@t.a blackburnlaw" ( "*Account 2*").

5. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in

1

violation of the United States copyright laws.

## PARTIES

6.     Plaintiff John Curtis Rice is an individual who is a citizen of the State of New York and maintains a principal place of business in Bronx County, New York.

7.     Upon information and belief, defendant T.A. Blackburn Law, PLLC, is a New York professional limited liability company with a principal place of business at 1242 East 80th Street, 3rd Floor, New York in Kings County, New York.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

11.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15.     On May 9, 2020, Plaintiff first published the Photograph. A copy of the Photograph

is attached hereto as Exhibit 1.

16. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

17. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

18. On July 1, 2020, the Photograph was registered by the USCO under Registration No. VA 2-210-991.

19. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

20. Defendant is the registered owner of the Accounts and is responsible for its content.

21. Defendant is the operator of the Accounts and is responsible for its content.

22. The Accounts is a key component of Defendant's popular and lucrative commercial enterprise.

23. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

24. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

25. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

26. On or about May 10, 2020, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Photograph on Account 1 as part of an on-line post at URL:

3

https://www.facebook.com/109305427093792/photos/a.165905828100418/252287036128963/?type=3&from_lookaside=1. *("Infringement 1")*. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

27. The Photograph was intentionally and volitionally copied and stored by Defendant at URL: https://scontent-atl3-1.xx.fbcdn.net/v/t1.6435-9/96714908_252287039462296_7617978545112875008_n.jpg?_nc_cat=109&ccb=1-7&_nc_sid=dd63ad&_nc_ohc=MWwZM_J_yWIAX9079dd&_nc_ht=scontent-atl3-1.xx&oh=00_AfCXmpBNboXxK3i9KZWMMzUQuFi0sWjusJxgvesDDPU6Dw&oe=65EB3579.

28. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

29. Plaintiff first observed the Infringement and Defendant's violation of the DMCA on April 11, 2022.

30. On or about May 10, 2020, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Photograph on Account 2 as part of an on-line post at URL: https://www.instagram.com/p/CABlmKCh-v1/. *("Infringement 2")*. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

31. The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

32. Plaintiff first observed the Infringement and Defendant's violation of the DMCA on April 11, 2022.

33. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph. (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

34. The Infringements includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be

communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

35. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

36. Upon information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendant.

37. Upon information and belief, the Infringements was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

38. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

39. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

40. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

41. Upon information and belief, Defendant monitors the content on its Accounts.

42. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

43. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase its business revenue.

44. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

45. Upon information and belief, Defendant at all times had the ability to stop the

reproduction and display of Plaintiff's copyrighted material.

46. Defendant's use of the Photograph harmed the actual market for the Photograph.

47. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

48. On February 13, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

49. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity [the parties failed to resolve the instant matter] and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

50. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

51. On April 10, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

52. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

53. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

54. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

55. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

56. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

57. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

58. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

59. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

60. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

61. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

63. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

64. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C.

§ 502.

## SECOND COUNT
### (Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))

65. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

66. The Photograph as originally published in URL: https://nypost.com/2020/05/09/staffers-say-nyc-nursing-home-is-covering-up-coronavirus-deaths/ contained a gutter credit attributing Plaintiff as the author of the work. Such a credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

67. Defendant distributed the Infringements without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph.

68. Upon information and belief, Defendant's distribution of containing the Photograph was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

69. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal its infringement.

70. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

71. Defendant's conduct violates 17 U.S.C. § 1202(b).

72. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

73. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. §

1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

74. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

75. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

   f. for pre-judgment interest as permitted by law; and

   g. for any other relief the Court deems just and proper.

DATED: April 9, 2025

              **SANDERS LAW GROUP**

              By:   */s/ Craig Sanders*
              Craig Sanders, Esq.
              333 Earle Ovington Blvd, Suite 402
              Uniondale, NY 11553
              Tel: (516) 203-7600
              Email: csanders@sanderslaw.group
              File No.: 129556

              *Attorneys for Plaintiff*