

**T. A. BLACKBURN LAW**

TYRONE A. BLACKBURN
_____

MEMBER OF
NY, DC & NJ BAR
_____

FEDERAL APPELLATE &
DISTRICT COURT MEMBERSHIP
2nd Circuit,
EDNY, NDNY, SDNY, NDIL, & DNJ
_____

90 Broad Street, 2nd Floor
New York, NY 10004

June 5, 2025

**Sent via e-Courts**:
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: Rice v. T.A. Blackburn Law, PLLC, No. 1:25-cv-01957-NGG-LKE
        Request for Pre-Motion Conference according to Rule IV.A

Dear Judge Garaufis:

    We represent Defendant T.A. Blackburn Law, PLLC in the above-captioned matter. Pursuant to Your Honor's Individual Rule IV.A, we respectfully request a pre-motion conference in advance of filing a motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## I. Lack of Proper Service (Rule 12(b)(5))

    Plaintiff has failed to effectuate proper service in accordance with Rule 4 of the Federal Rules of Civil Procedure. No summons was issued by the Clerk of Court or personally served. Plaintiff neither effected personal service, nor served through an authorized agent, nor followed the waiver procedure under Rule 4(d). Instead, Defendant received first notice of the suit through an unsolicited paralegal email on June 4, 2025, nearly two months after the Complaint was filed.

    Federal courts uniformly reject such informal notice as a substitute for proper service. As the Eastern District held in *Frank v. Walgreens Co.*, 2010 WL 3119267, at *3 (E.D.N.Y. Aug. 4, 2010), service using a state court–captioned, attorney-signed summons fails under Rule 4 and does not confer personal jurisdiction. Similarly, in *ATS Claim, LLC v. Epson*, the court dismissed the complaint where service by certified mail did not satisfy either federal or state law. See 2009 U.S. Dist. LEXIS 93448, at *5–8 (N.D. Cal. Oct. 6, 2009) (actual notice is not enough; service must comply with the mechanical requirements of Rule 4).



📞 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com



The same result was reached in *Mares v. United States*, 2014 U.S. Dist. LEXIS 77465 (W.D.N.Y. 2014), where dismissal was granted despite plaintiff's attempt at first-class mailing without proper proof or method under Rule 4(i). And in *Reflex Media v. Apiriliaco Ltd.*, 745 Fed. Appx. 14, 15 (9th Cir. 2018), the court vacated a default judgment because service failed to comply with Hague Convention procedure and lacked court approval under Rule 4(f)(3).

Dismissal is warranted because Plaintiff has not complied with Rule 4 without good cause shown.

## II. Failure to State a Claim (Rule 12(b)(6))

Plaintiff asserts claims for copyright infringement and violation of the DMCA based on the alleged posting of a photograph to Defendant's Facebook and Instagram pages. However, the exhibits show that the image was merely part of a social media preview automatically generated from a publicly available *New York Post* article. These facts are fatal to both claims.

1. **No Volitional Conduct:** It is well established that "embedding" or passively linking to content hosted by third parties does not constitute actionable conduct under 17 U.S.C. § 106. See *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160–61 (9th Cir. 2007); *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188, 195 (S.D.N.Y. 2021) (no infringement where image is embedded, not hosted). Without volitional copying or display, Plaintiff's copyright claim fails as a matter of law.

2. **Deficient DMCA Allegations:** Plaintiff's DMCA claim under 17 U.S.C. § 1202(b) fails for two independent reasons:

   1. **Lack of Scienter and Intentionality:** Courts routinely dismiss DMCA claims where the plaintiff fails to plead that Defendant knowingly removed copyright management information (CMI) with the intent to conceal or facilitate infringement. See *Finley v. YouTube, LLC*, 2022 U.S. Dist. LEXIS 41774, at *2–3 (N.D. Cal. Mar. 9, 2022); *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 675–76 (N.D. Cal. 2023); *Bus. Casual Holdings, LLC v. YouTube, LLC*, 2022 U.S. Dist. LEXIS 212212 (S.D.N.Y. Nov. 22, 2022).

   2. **No Factual Basis for CMI Removal:** Plaintiff fails to allege any facts showing that the reposted article or preview originally contained visible CMI or that



## T. A. BLACKBURN LAW

   Defendant removed it. As held in *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052 (N.D. Cal. 2022), omission of CMI from embedded previews does not meet the DMCA's intentional removal standard.

3. **Content Was Removed After Notice:** Plaintiff must concede that Defendant removed the image post following a February 2024 takedown request. Courts routinely deny injunctive relief where the allegedly infringing conduct has ceased. See *Sutter v. Dibello*, 2021 U.S. Dist. LEXIS 46312 (E.D.N.Y. Mar. 10, 2021); *Post Univ. v. Course Hero, Inc.*, 2023 U.S. Dist. LEXIS 149883 (D. Conn. Aug. 25, 2023).

4. **No Commercial Use or Profit:** Plaintiff's allegations of financial gain are entirely speculative. There is no factual basis supporting disgorgement or statutory damages. See *Pilla v. Gilat*, 2022 U.S. Dist. LEXIS 57532, at *6 (S.D.N.Y. Mar. 29, 2022) (dismissing DMCA claim lacking plausible profit connection).

   For the foregoing reasons, Defendant respectfully requests a pre-motion conference to discuss its anticipated motion to dismiss under Rules 12(b)(5) and 12(b)(6). We are prepared to propose a briefing schedule consistent with Your Honor's practices.

Respectfully Submitted,

/s/*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc: All Counsel of Record.




347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com