

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

June 6, 2025

*<u>Via ECF</u>*
Hon. Nicholas Garaufis, U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *John Curtis Rice v. T.A. Blackburn Law, PLLC*
            Docket No: 1:25-cv-01957-NGG-LKE

Dear Judge Garaufis:

       This firm represents plaintiff John Curtis Rice ("*Plaintiff*") in the above-captioned matter and writes pursuant to Rule IV(A)(2) of the Court's Individual Rules in response to defendant T.A. Blackburn Law, PLLC's ("*Defendant*") pre-motion conference request to dismiss the Complaint under Rule 12(b)(5) and 12(b)(6) (Defendant's "*Request*"). [ECF No. 10]. For the reasons set forth below, the proposed motion is procedurally defective and objectively unreasonable and therefore, Defendant should be discouraged from filing such motion.

    **I.**    **BACKGROUND**

       As a preliminary matter, and as will be discussed in detail below, Defendant was served with process on April 23, 2025, via the service upon the New York Secretary of State, making Defendant's response to the Complaint due May 14, 2025. [ECF No. 6]. As Defendant failed to appear in this action by May 14, 2025, despite proper service being effectuated, on May 23, 2025, the Court issued a Scheduling Order, directing the parties to appear in Court on June 26, 2025 (the "*Order*"). [*See Paperless Order entered May 20, 2025*]. As per the Court's Order, on June 4, 2025, Plaintiff served the Defendant with a copy of the Order and the docket sheet at all of Defendant's known addresses, which included its business address at 1242 E 80th St 3rd Floor Brooklyn, NY 11236, and its known e-mail addresses at Tblackburn@tablackburnlaw.com and Info@tablackburnlaw.com. [ECF No. 8]. It was only following the delivery of the Order and docket sheet via e-mail that Defendant, via defense counsel, contacted the undersigned on June 5, 2025, advising that he would be sending a Rule 11 sanctions notice and immediately filing a motion to dismiss. Plaintiff respectfully notes that Defendant's Request is procedurally defective pursuant to Rule IV (A)(3) of Court's Individual Rules, which requires a party to request an extension of time to answer the complaint "simultaneous with its application for a pre-motion conference." Defendant's response to the Complaint was due May 14, 2025, and despite no answer being filed with the Court, Defendant failed to seek any extensions with the Court simultaneously with the filing of its pre-motion request.

Case 1:25-cv-01957-NGG-LKE   Document 12   Filed 06/06/25   Page 2 of 3 PageID #: 46



PAGE 2

## II.    SERVICE OF PROCESS IS PROPER

Defendant's allegation that it was not properly served by personal service, "nor served through an authorized agent" is entirely false and contradicted by the documentary evidence of record in this matter. Pursuant to NY Limited Liability Company Law § 303, service of process on limited liability companies is permitted by serving the secretary of state. *See Mendez v. Lux Enterprises, LLC*, No. 1:23-CV-10968 (JLR), 2024 WL 191615, at *1 (S.D.N.Y. Jan. 17, 2024) quoting N.Y. Limit. Liab. Co. § 303 ("service of process on limited liability companies is permitted by serving the secretary of state, and '[s]ervice of process on such limited liability company shall be complete when the secretary of state is so served'."); see also *Stelzer v. Wang L. Off., PLLC*, No. 23-CV-4264 (DLI)(TAM), 2024 WL 4836299, at *2 (E.D.N.Y. Nov. 20, 2024) (same; explaining that "denying receipt is not enough." *citing Coyle v. Mayer Realty Corp.*, 54 A.D.3d 713 (2d Dept. 2008) ("[M]ere denial of receipt of a summons and complaint [is] insufficient to rebut the presumption of proper service created by the affidavit of service [through the Secretary of State]."); *Commissioners of State Ins. Fund v. Nobre, Inc.*, 29 A.D.3d 511, 511 (2d Dept. 2006) (same).). Here, service upon Defendant - an entity registered with the New York Secretary of State as a domestic professional service limited liability company - was effectuated on April 23, 2025, when the process server, Teitel Service Bureau, Inc., served the Summons and Complaint upon Defendant by delivering and leaving the Summons and Complaint personally with Margie Butcher, a clerk in the office of the Secretary of State of the State of New York. [ECF No. 6]. As such, service of process was proper.

## III.    THE COMPLAINT ALLEGES VALID CAUSES OF ACTIONS

"To survive a motion to dismiss, a plaintiff must plausibly allege a claim, meaning the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 2024 WL 3836578, *7 (2d Cir. 2024) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[1]

### 1. Defendant's Infringing Displays of the Photograph Were Not Embedded

Defendant's entire argument that Plaintiff has failed to sufficiently plead a cause of action rests on the false assertion that the infringing publications were embedded. However, Defendant did not embed the original NYP publication which contained the Photograph on its accounts. Rather, Defendant took screenshots of the Photograph from the NYP article, and included a URL link to said NYP in its own publications. As such, Defendant's arguments, to the extent it relies on the factual assertion that the infringing publications were embedded, fail.

---

[1] In a copyright infringement case, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id*.; see also *Smith v. Barnesandnoble.com, LLC*, 839 F.3d 163, 166 (2d Cir. 2016) ("A claim of direct copyright infringement requires proof that (1) the plaintiff had a valid copyright in the work, and (2) the defendant infringed the copyright by violating one of the exclusive rights that 17 U.S.C. § 106 bestows upon the copyright holder"). Here, the Complaint plausibly sets forth Plaintiff's claim for copyright infringement by Defendant of Plaintiff's photograph of a Hebrew Home in Riverdale in Bronx County, New York (the "*Photograph*").



Regardless, it is of no import whether or not the Photograph was embedded as the Photograph was displayed on Defendant's accounts and therefore violates the copyright holder's display right under section 106(5). See *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018) (finding that embedding content constituted "display" of work under Copyright Act); see also *McGucken v. Newsweek LLC*, No. 19 CIV. 9617 (KPF), 2022 WL 836786, at *6 (S.D.N.Y. Mar. 21, 2022) (rejecting Ninth Circuit's server test and holding that to "show a copy" is to display it). Contrary to Defendant's assertion, embedding is in fact considered a violation of the copyright holder's display right by Courts within the Second Circuit. See *McGucken*, 2022 WL 836786, at *5–6 (the server test has not been widely adopted outside of the Ninth Circuit); see also *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188, 196 (S.D.N.Y. 2021) (arguing the server test may be "contrary to the text and legislative history of the Copyright Act); *Lynk Media LLC v. Mediaite, LLC*, 2025 WL 89226, *3 (S.D.N.Y. January 14, 2025) (same).

### 2. Plaintiff's Claims of DMCA Violations Are Well-Plead

Contrary to Defendant's contention, Plaintiff has sufficiently alleged that Defendant acted with the requisite degree of intent in removing and/or altering the CMI associated with Plaintiff's Photograph as it was displayed in the NYP publication sufficient to give rise to an inference that Defendant violated the copyright management provisions of 17 U.S.C. § 1202. To establish a claim under 17 U.S.C. § 1202(b), a plaintiff must prove the following elements: "(1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant 'distribute[d] ... works [or] copies of works'; (3) while 'knowing that [CMI] has been removed or altered without authority of the copyright owner or the law'; and (4) while 'knowing, or ... having reasonable grounds to know' that such distribution 'will induce, enable, facilitate, or conceal an infringement.'." *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020) (*quoting* 17 U.S.C. § 1202(b)). Plaintiff's factual allegations in the Complaint, together with the exhibits attached thereto, clearly state a valid claim under § 1202(b). Plaintiff has proven the existence of CMI in connection with the Photograph by attaching the original article as published by NYP and plainly shows the gutter credit. See *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368, 377 (S.D.N.Y. 2019), *aff'd,* 970 F.3d 167 (2d Cir. 2020) ("gutter credits constitute CMI under the statute"). Next, Plaintiff has satisfied the second element by alleging that that Defendant published the Photograph to its accounts, allegations which Defendant does not deny. Third, it can be reasonably inferred that Defendant actively removed and/or altered the CMI associated with the Photograph without Plaintiff's authority, as the gutter credit was displayed in the NYP article but does not appear with the image as displayed on Defendant's accounts. *See e.g. Smith v. L. Off. of Richard St. Paul, Esq., PLLC,* 2023 WL 3570606, at *6–7 (S.D.N.Y. May 18, 2023) (finding it "reasonable to infer defendant removed the CMI and distributed the Photograph" knowingly as plaintiff had alleged that defendant distributed the image without the gutter credit that was displayed in the original publication.").

In sum, for the foregoing reasons, Defendant's request to proceed with a motion to dismiss the Complaint should be denied and Plaintiff would oppose the proposed motion in the event one is filed.

<div style="text-align:right">
Respectfully submitted,

/s *Craig B Sanders*
Craig B Sanders
</div>